Rueein, Chief-Justice.
 

 The case has beeen argued for the plaintiff upon the ground, that as the record states a loan to
 
 Elms,
 
 and the note was merely delivered
 
 *366
 
 without endorsement to
 
 Smith,
 
 the transaction was not a sale of the note, but either gave him a lien on it, or at most an authority to receive the money ; which as to all above the loan and interest, was money had and received to the use of
 
 Elms
 
 or
 
 Kimble.
 
 The position contended for is rendered immaterial by the instructions given by the Judge. He stated to the jury that it made no difference whether there was a sale or not, or whether it was conditional or absolute. This instruction was given upon the idea that as the sum paid or advanced by
 
 Smith,
 
 was only §600, there was no consideration extending to the excess of the bond above that sum. In this, the opinion of the court is, there was error. As far as the validity of a contract depends upon a consideration, one of any value, agreed upon by the jmrties, is sufficient. It need not be adequate or equal in value. If á bond for a larger sum be really sold for a smaller, the con tract is not void as to any part of the sum mentioned in thebond. Whether this was a sale or only a pledge, ought to have been left to the jury, if
 
 Elms
 
 had been suing
 
 Smith
 
 for the surplus; and so also, if
 
 Kimble
 
 had been prosecuting an action for it.
 

 In reference to tbe right of
 
 Kimble
 
 to do so, the judge further instructed the jury, that he might, if
 
 Smith
 
 expressly agreed that he should stand in the shoes of
 
 Elms.
 
 Such an action could be sustained by an express promise only; for the claim of
 
 Elms
 
 was not negotiable, and the assignment to
 
 Kimble
 
 gave him only an equitable right. That was sufficient as a consideration to support a promise by
 
 Smith,
 
 to deliver the bond, or pay tbe money to
 
 Kimble.
 
 But
 
 Kimble
 
 must bring himself within the terms of the promise as made. In this respect his rights may be very distinguishable from those of
 
 Elms.
 
 The latter may claim upon grounds independent of the particular agreement; the former cannot. That agreement, as stated in the case, was that
 
 Kimble
 
 should stand in the shoes of Elms, and if he paid the ,§600 at the day agreed on,'
 
 Smith
 
 would deliver the note to him
 
 ;
 
 if not, it should he the absolute property of
 
 Smitlu
 
 Under this agreement
 
 Kimble
 
 could not claim the note or
 
 *367
 
 money, at law, unless he performed the acts stipulated oh his part. His sickness and absence from home did not dispense with the payment of the money within the time. Whether
 
 Smith
 
 could justly insist on such terms, or whether they would have been obligatory on
 
 Elms,
 
 at law, or are so on
 
 Kimble
 
 in another forum, is not the question.
 
 Kimble
 
 is obliged to abide by them at law ; because they constitute an essential part of the promise to him, and without or beyond the promise, he has no legal right. As
 
 Kimble
 
 could not maintain an action for the money as a debt, it is not subject to the attachment of the plaintiff; and there must be a new trial. This is the less to be regretted as the case is very imperfectly stated, and upon another trial it may be better understood, whether
 
 Elms
 
 was to pay the money, if
 
 Gibson
 
 failed, and what was meant by
 
 Kimble’s
 
 standing in his shoes, with or without repeating the terms of the original contract.
 

 The* sickness and consequent absence of a party, is no excuse for non-perform-anee of his contract.
 

 Per Curiam. — Judgment reversed.